1           IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF VIRGINIA
2                   DANVILLE DIVISION

3   UNITED STATES OF AMERICA,

4                   Plaintiff,

5   versus                          Criminal No.: 4:18-cr-11
                                    Roanoke, Virginia
6                                   June 14, 2018
                                    1:44 p.m.
7   DESHAUN LAMAR TRENT,
    SHABBA LARUN CHANDLER,
8   ASHLEY TIANA ROSS,
    TENIKQUA FULLER,
9
                    Defendants.
10

11        TRANSCRIPT OF INITIAL APPEARANCES AND ARRAIGNMENTS
           AS HEARD BEFORE THE HONORABLE JOEL C. HOPPE
12               UNITED STATES MAGISTRATE JUDGE

13

14  APPEARANCES:

15  For the Government:

16  HEATHER R. CARLTON
    RONALD MITCHELL HUBER
17  United States Attorneys Office
    Room 104
18  255 West Main Street
    Charlottesville, VA  22902
19  434.293.4283

20

21

22  Court Reporter:  JoRita B. Meyer, RPR, RMR, CRR, OCR

23                   210 Franklin Road, S.W., Room 540
                     Roanoke, Virginia  24011
24                   540.857.5100, Ext. 5311
          PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY;
25  TRANSCRIPT PRODUCED BY COMPUTER.

1    APPEARANCES CONTINUED:

2    For the Defendant TRENT:

3    Christopher K. Kowalczuk
     P O Box 11971
4    Roanoke, VA 24022-1971
     540.345.0101
5


6
     For the Defendant CHANDLER:
7
     Jeffrey L. Dorsey
8    Jeffrey L. Dorsey PC
     25 Library Square
9    Salem, VA 24153
     540.389.8800
10


11   For the Defendant ROSS:

12   TERRY NEILL GRIMES
     Terry N. Grimes, Esq., PC
13   Franklin Commons
     320 Elm Avenue SW
14   Roanoke, VA  24016-4002
     540.982.3711
15


16   For the Defendant FULLER:

17   CORREY A. DIVINEY
     Arthur P. Strickland, P.C.
18   P O Box 2866
     Roanoke, VA  24001
19   540.982.7787

20   ///

21

22

23

24

25

1    (Proceedings commenced, 1:44 p.m.)

2         THE COURT:  Good afternoon.  Would the clerk please

3    call the case.

4         THE CLERK:  *United States of America versus Kanas*

5    *Lamont'e Trent, United States of America versus Deshaun Lamar*

6    *Trent, United States of America versus Shabba Larun Chandler,*

7    *United States of America versus Ashley Tiana Ross, United*

8    *States of America versus Tenikqua Fuller, Case Number*

9    4:18-CR-11.

10        THE COURT:  Well, we are here today for your initial

11   appearance on an indictment that charges -- yes, ma'am?

12        MS. CARLTON:  I'm sorry to interrupt you, Your

13   Honor.  We only have four defendants, and five names were

14   listed just now.

15        THE COURT:  Mr. Hemingway?

16        MR. HEMINGWAY:  Yes, good afternoon, Judge.  I

17   represent Kanas Trent.  I was told he's not here today.

18        MS. CARLTON:  He is in custody.  I believe he might

19   still be in transport.

20        THE COURT:  Okay.  Well, we'll just -- we'll take up

21   his initial appearance separately, then.

22        MR. HEMINGWAY:  Yes, sir.

23        THE COURT:  Okay.  Thank you.

24        All right.  As I was saying, we're here today for

25   your initial appearance on an indictment that charges you

1    with a number of federal offenses.

2           Now, the purpose of today's hearing is for me to

3    advise you about the nature of the charges against you and

4    also advise you of some rights, including the right to

5    counsel.  And we'll determine how you're going to be

6    represented by an attorney today.

7           Now, we'll also conduct an arraignment, which means

8    that I'm going to take your plea to the charges against you,

9    and then we'll also discuss whether you're going to be

10   released or detained pending further proceedings in the case.

11          Now, I will need to ask you some questions, and your

12   answers have to be under oath.  So would you all please stand

13   and raise your right hands.

14          (Defendants sworn)

15          THE COURT:  All right.  You may be seated.

16          And these proceedings are being recorded, and the

17   court reporter needs to be able to hear your answer, so I'd

18   ask that you all just speak up when it's your turn to answer.

19   Okay?  All right.  Let me start with Deshaun Trent.

20          MR. KOWOLCZUK:  Yes, sir.

21          THE COURT:  Mr. Kowalczuk.

22          Mr. Trent, a few questions for you.  Can you read,

23   write, and understand English?

24          DEFENDANT DESHAUN TRENT:  Yes, sir.

25          THE COURT:  And what is your full name?

1          DEFENDANT DESHAUN TRENT:  Deshaun Lamar Trent.

2          THE COURT:  All right.  Now, Mr. Trent, you may be

3    seated.  And you all can just remain seated while I'm asking

4    you questions.

5          Now, how about for -- let's see, Mr. Chandler, all

6    right.  Mr. Chandler, same questions for you.  Can you read,

7    write, and understand English?

8          DEFENDANT CHANDLER:  Yes, sir.

9          THE COURT:  What is your full name?

10         DEFENDANT CHANDLER:  Shabba Larun Chandler.

11         THE COURT:  All right.  And then Ms. Ross?

12         DEFENDANT ROSS:  Yes.

13         THE COURT:  Ms. Ross, can you read, write, and

14   understand English?

15         DEFENDANT ROSS:  Yes.

16         THE COURT:  And what is your full name?

17         DEFENDANT ROSS:  Ashley Tiana Ross.

18         THE COURT:  And then, Ms. Fuller, can you read,

19   write, and understand English?

20         DEFENDANT FULLER:  Yes.

21         THE COURT:  And what is your full name?

22         DEFENDANT FULLER:  Tenikqua Deshay (phonetic)

23   Fuller.

24         (Judge and clerk conferring)

25         THE COURT:  All right.  Let me advise you all about

1   your right to counsel.  You do have the right to be

2   represented by an attorney in this case.  You can consult

3   with your attorney at every stage of this case, both in and

4   out of court.

5          Now, you have the right to retain or hire an

6   attorney of your choosing.  If you can't afford to hire an

7   attorney, then I will appoint an attorney to represent you,

8   and that will be at no cost to you.

9          Now, Mr. Trent, do you understand your right to

10  counsel?

11         DEFENDANT DESHAUN TRENT:  Yes, sir.

12         THE COURT:  All right.  And are you asking me to

13  appoint an attorney for you?

14         DEFENDANT DESHAUN TRENT:  I'll take an appointed.

15         THE COURT:  All right.  And has he completed a

16  financial affidavit?

17         MR. KOWOLCZUK:  I have no idea, Your Honor.  I

18  didn't realize we were supposed to.

19         THE COURT:  Okay.  Do we have affidavits?

20         (Judge and clerk conferring)

21         MR. KOWOLCZUK:  It appears from the pretrial

22  services report regarding his finances that he has no assets

23  and no liabilities.

24         THE COURT:  Is there a financial affidavit that he

25  signed?  This is Deshaun Trent.

1          PROBATION OFFICER TERRY:  We're searching the
2    profile.
3          THE COURT:  Do you think -- has he completed and
4    signed one or not?
5          PROBATION OFFICER TERRY:  I would imagine.
6          PROBATION OFFICER CILEK:  He has.
7          THE COURT:  Let's see.
8          (Judge and clerk conferring)
9          THE COURT:  I can read it from there, if you can
10   pull it up.
11         PROBATION OFFICER TERRY:  I can't pull it up.
12         MS. CELIK:  We have copies of some of them that we
13   can e-mail.  Do you want copies?
14         THE COURT:  Sure.  Anything that -- anything that
15   you have for these folks would be helpful.  If you want to
16   e-mail them to me, I can pull them up on my iPad.
17         (Pause in proceedings)
18         THE COURT:  Okay.  Great.  Okay.  All right,
19   Mr. Trent, I do have a financial affidavit here with your
20   name on it.  Can you see from back there what this says?  Do
21   you want me to hand it down so you can review it?
22         MR. KOWOLCZUK:  Thank you.
23         He's reviewed it.
24         THE COURT:  All right.  Mr. Trent, is the
25   information in that affidavit correct?

1     DEFENDANT DESHAUN TRENT:  Yes, sir.

2     THE COURT:  Do you understand that if you make a

3  false statement in that affidavit that you could be

4  prosecuted for perjury or for making a false statement?

5     DEFENDANT DESHAUN TRENT:  Yes, sir.

6     THE COURT:  All right.  Mr. Trent, based on the

7  information in the financial affidavit, I do find that you

8  qualify for court-appointed counsel, and I will appoint Mr.

9  Kowalczuk to represent you in this case.

10     Now, Mr. Chandler, do you understand your right to

11  counsel?

12     DEFENDANT CHANDLER:  Yes.

13     THE COURT:  All right.  And are you asking that I

14  appoint an attorney for you in this case?

15     DEFENDANT CHANDLER:  Yes.

16     THE COURT:  And, Mr. Chandler, did you complete a

17  financial affidavit?

18     DEFENDANT CHANDLER:  I didn't understand you.

19     THE COURT:  Did you complete a financial affidavit?

20     DEFENDANT CHANDLER:  (Nods head)

21     THE COURT:  Mr. Chandler, I'm going to hand down

22  what appears to be your financial affidavit.  Would you

23  please take a look at it?

24     (Counsel and Defendant Chandler conferring)

25     MR. DORSEY:  He's reviewed it, Your Honor.

1          THE COURT:  Mr. Chandler, is the information in that

2     affidavit correct?

3          DEFENDANT CHANDLER:  Yes, sir.

4          THE COURT:  And do you understand that if you make a

5     false statement in the affidavit you could be prosecuted for

6     perjury or for making a false statement?

7          DEFENDANT CHANDLER:  Yes, sir.

8          THE COURT:  Mr. Chandler, based on the information

9     in the affidavit, I also find that you qualify for

10    court-appointed counsel, and I will appoint Mr. Dorsey to

11    represent you in the case.

12         DEFENDANT CHANDLER:  All right.

13         THE COURT:  All right.  Now, Ms. Ross, did you

14    complete a financial affidavit?

15         DEFENDANT ROSS:  Yes.

16         THE COURT:  Do you have that?  Do you have

17    Ms. Fuller's as well?

18         MS. CILEK:  Yes.

19         THE COURT:  All right.  Ms. Ross and Ms. Fuller, if

20    you both would review your financial affidavits.

21         (Pause)

22         THE COURT:  Ms. Ross, is the information in the

23    affidavit correct?

24         DEFENDANT ROSS:  Yes, sir.

25         THE COURT:  And do you understand that if you make a

1    false statement in the affidavit that you could be prosecuted

2    for perjury or for making a false statement.

3              DEFENDANT ROSS:  Yes.

4              THE COURT:  And, Ms. Ross, I take it that you are

5    asking for court-appointed counsel in the case?

6              DEFENDANT ROSS:  Yes.

7              THE COURT:  All right.  I find that you do qualify

8    for court-appointed counsel and I'll appoint Mr. Grimes to

9    represent you in the case.

10             Now, Ms. Fuller, did you complete this financial

11   affidavit?

12             DEFENDANT FULLER:  Yes.

13             THE COURT:  And is the information in the affidavit

14   correct?

15             DEFENDANT FULLER:  Yes.

16             THE COURT:  Do you understand that if you make a

17   false statement in the affidavit that you could be prosecuted

18   for perjury or for making a false statement?

19             DEFENDANT FULLER:  Yes.

20             THE COURT:  And are you asking that I appoint

21   counsel for you?

22             DEFENDANT FULLER:  Yes.

23             THE COURT:  Ms. Fuller, I find that you qualify for

24   court-appointed counsel, and I'll appoint Mr. Diviney to

25   represent you in the case.

1          Mr. Trent and Mr. Chandler, as you're going to hear

2     a little later on in the hearing, some of the charges that

3     you're facing are punishable by a maximum sentence of death,

4     which entitles you to be represented by two attorneys, if you

5     make that request.  So I will just that your attorneys, if

6     you so choose, to file a written motion asking for that

7     appointment.

8          MR. KOWOLCZUK:  Thank you, Your Honor.

9          THE COURT:  All right.  Now, you all have the right

10    to remain silent, and this is a constitutional right, which

11    means that you don't have to make any statements about your

12    case.  If you've already made any statements to law

13    enforcement, you don't have to make any more.

14         If at some point you want to agree to questioning by

15    law enforcement, you can have your attorney present during

16    that questioning, you can consult with your attorney, and you

17    can stop that questioning at any time.

18         You should talk to your lawyer about your case, but

19    if you talk to anyone else about your case, you need to

20    understand that those statements could be used against you to

21    prosecute you.

22         Now, Mr. Trent, do you understand your right to

23    remain silent?

24         DEFENDANT DESHAUN TRENT:  Yes, sir.

25         THE COURT:  And, Mr. Chandler, do you understand

1    your right?

2              DEFENDANT CHANDLER:  Yes, sir.

3              THE COURT:  And, Ms. Fuller, do you understand your

4    right?

5              DEFENDANT FULLER:  Yes.

6              THE COURT:  And, Ms. Ross, do you understand your

7    right to remain silent?

8              DEFENDANT ROSS:  Yes.

9              THE COURT:  You all also have the right to consular

10   notification.  Now, this may not have any application to you,

11   but what this right is, is for a defendant who is not a

12   United States citizen, he or she can ask the United States

13   Attorney to notify the consulate of his or her nationality of

14   the arrest.

15             Now, Mr. Trent, do you understand your right to

16   consular notification?

17             DEFENDANT DESHAUN TRENT:  Yes, sir.

18             THE COURT:  Mr. Chandler?

19             DEFENDANT CHANDLER:  Yes.

20             THE COURT:  Ms. Fuller?

21             DEFENDANT FULLER:  Yes.

22             THE COURT:  Ms. Ross?

23             DEFENDANT ROSS:  Yes.

24             THE COURT:  Do you-all all have a copy of the

25   indictment?

1       DEFENDANT DESHAUN TRENT:  Yes, sir.

2       THE COURT:  Mr. Chandler?

3       DEFENDANT CHANDLER:  Yes.

4       THE COURT:  Ms. Fuller?

5       DEFENDANT FULLER:  Yes.

6       THE COURT:  Ms. Ross?

7       DEFENDANT ROSS:  Yes.

8       THE COURT:  Okay.  I'm going to go over the charges

9  against you just in a summary way, and I'm going to ask you

10 if you understand what you're charged with.  I'm not asking

11 whether you agree or disagree with anything that the

12 indictment says.  Okay?

13      First, Mr. Trent and Mr. Chandler, you all are

14 charged in Counts One through Seven of the indictment.  Now,

15 Count One is fairly lengthy and it provides a description of

16 a -- of the ROLLIN 60s Crips gang in the introduction.  What

17 it says is that the ROLLIN 60s Crips is a criminal gang made

18 up of all of the defendants who are identified in this

19 indictment, and other people, who associated together as an

20 enterprise.

21      Now, the common purpose of the ROLLIN 60s Crips

22 enterprise was to promote and enhance its reputation and

23 enrich its members through acts of violence, including

24 murder, assault and robbery, distributing controlled

25 substances, assisting members of the enterprise who committed

1    crimes on its behalf, and thwarting law enforcement's

2    investigation of the enterprise.

3            The indictment alleges that the ROLLIN 60s Crips

4    operates under a loose leadership structure, according to a

5    set of rules.  And the indictment identifies what the

6    government says was your role in this enterprise.

7            Mr. Trent and Mr. Chandler both, it identifies you

8    as members of the ROLLIN 60s Crips.

9            It goes on to further allege -- as a racketeering

10   conspiracy involving the ROLLIN 60s Crips, it alleges that

11   all of the defendants who are identified in Count One

12   conspired, or essentially agreed, amongst themselves and with

13   others to engage in the activities of the enterprise of the

14   ROLLIN 60s Crips, and that that enterprise affected

15   interstate commerce through a pattern of racketeering

16   activity that included murder, tampering with a witness,

17   victim, or informant, obstruction of justice, and dealing

18   drugs.

19           The indictment further alleges that as part of the

20   conspiracy, that each of the defendants named agreed that a

21   conspirator would commit at least two acts of racketeering in

22   conducting the affairs of the enterprise.

23           It's alleged that this racketeering enterprise

24   continued from sometime in mid 2015 through June of 2018, and

25   it alleges a number of overt acts taken in furtherance of the

1    conspiracy.  The first act was that on August 20 of 2016,

2    that each of the defendants who are named in this count --

3    and Mr. Trent and Mr. Chandler, you-all both are named in

4    this count -- that you-all did murder Christopher Motley and

5    that you shot at and attempted to murder Justion Wilson.

6         It also alleges that from 2016 to 2018 that you,

7    both of you, along with others, trafficked in controlled

8    substances.  And there is a special sentencing factor which

9    again alleges the murder of Christopher Motley.

10        Now, the indictment goes on to charge both of

11   you-all in Counts Two through Seven as well, and these counts

12   refer to the specific acts that were undertaken by you two,

13   as well as the other defendants named in the indictment; that

14   these acts were essentially the common purpose for achieving

15   the objectives of the ROLLIN Crips enterprise.

16        Now, Count Two -- Counts Two and Three concern the

17   murder of Christopher Motley.  Count Two alleges that --

18   alleges that that murder was part of the violent crime that

19   is in aid of racketeering.  And then Count Three charges

20   using a firearm in relation to that violent crime of the

21   murder of Mr. Motley.

22        Then Counts Four through Seven concern the attempted

23   murder of Justion Wilson.

24        Counts Four and Six allege attempted murder and

25   assault with a deadly weapon of Justion Wilson, and that

1    those acts were taken in aid of the racketeering activity of

2    the ROLLIN Crips.

3            And then Counts Five and Seven correspond to Counts

4    Four and Six, and they allege the use of a firearm, the use

5    and carrying and brandishing and discharging of a firearm, in

6    relation to a violent crime in aid of racketeering, which was

7    the attempted murder, and then also the assault with a deadly

8    weapon.

9            Now, Mr. Trent, do you understand what the

10   indictment says you did or what it alleges?

11           DEFENDANT DESHAUN TRENT:  Yes, sir.

12           THE COURT:  And, Mr. Chandler, do you understand

13   what the indictment alleges?

14           DEFENDANT CHANDLER:  Yes, sir.

15           THE COURT:  All right.  Now, Ms. Ross and

16   Ms. Fuller, you're both charged in Count Eight of the

17   indictment.  And Count Eight charges you both with being

18   accessory after the fact to the murder and attempted murder

19   and assault with a dangerous weapon that were charged in

20   those, the counts that I just went over with Mr. Trent and

21   Mr. Chandler.  And essentially it alleges that you provided

22   assistance or support to members of the ROLLIN 60s gang, to

23   one or more members, to help hinder and prevent their

24   apprehension, trial, and punishment.  And the dates alleged

25   are the date of and the day after the murder; so August 20th

1   and 21st of 2016.

2        Now, Ms. Ross, you are also charged in a number of

3   other counts.  You're charged in Counts Nine, Ten, and then

4   13, 14, 15, 16, 17, 18, 19, 20, and 21.  Now, these counts --

5   in Counts Nine and Ten -- in Count Nine you're charged with

6   tampering with certain proceedings, and the proceedings

7   alleged are the Federal Grand Jury proceeding.

8        It alleges that on May 7 of 2018, that you and

9   Ms. Coleman obstructed or influenced or impeded or attempted

10   to impede the Grand Jury investigation into this matter by

11   providing false testimony to the Grand Jury.

12        Count Ten charges obstruction of justice on May 7

13   for you corruptly obstructing and impeding and attempting to

14   influence the Grand Jury proceeding in this matter, again by

15   providing false testimony under oath to the Grand Jury.

16        Now, in Counts 13 through 21 you're charged with

17   specific statements of false testimony to the Grand Jury.

18   All those occurred on May 7th of 2018 as well.

19        Now, Ms. Fuller, do you understand what the

20   indictment alleges or what it says you did?

21        DEFENDANT FULLER:  Yes.

22        THE COURT:  An, Ms. Ross, do you understand what the

23   indictment alleges?

24        DEFENDANT ROSS:  (Nods head)

25        THE COURT:  All right.  Ms. Carlton or Mr. Huber,

1  would you please state any minimum and maximum penalties for

2  these charges?

3          MS. CARLTON:  Yes, Your Honor.

4          For Count One, Mr. Trent and Mr. Chandler, if

5  convicted, they face up to life in prison because the

6  indictment includes special notice of that enhancement.

7          If convicted of Count Two, Mr. Trent and

8  Mr. Chandler face the ultimate penalty of death.  The

9  mandatory minimum is life in prison.

10         If convicted of Count Three, Mr. Trent and

11  Mr. Chandler face ten years mandatory minimum, up to life in

12  prison.

13         For Count Four, if Mr. Chandler and Mr. Trent are

14  convicted, they face up to ten years in prison.

15         For Count Five, if Mr. Trent and Mr. Chandler are

16  convicted, they face, if convicted of Count Three, 25 years

17  mandatory minimum, up to life in prison.

18         For Count Six, if convicted, Mr. Trent and

19  Mr. Chandler face up to 20 years imprisonment.

20         THE COURT:  Is Count Three also a capital charge,

21  potentially a capital charge?

22         MS. CARLTON:  No, Your Honor.

23         THE COURT:  Okay.

24         MS. CARLTON:  For Count Seven, if convicted,

25  Mr. Chandler and Mr. Trent face 25 years mandatory minimum,

1    up to life in prison. All of these also come with a fine of

2    up to $250,000.

3          For Count Eight for Ms. Fuller and Ms. Ross, if

4    convicted, they face up to 15 years of life in prison --

5    sorry, 15 years in prison.

6          If Ms. Ross is convicted of Count Nine, she faces up

7    to 20 years in prison. If Ms. Ross is convicted of Count

8    Ten, she faces up to ten years in prison. All of those come

9    with also a fine of $250,000.

10          If convicted of Count 13, 14, 15, 16, 17, 18, 19,

11    20, and 21, Ms. Ross, for each of those counts, would face up

12    to five years in prison, as well as a fine of $250,000.

13          THE COURT: All right. Count Three charges 18

14    U.S.C. 924(J), right? And it's --

15          MS. CARLTON: I apologize. It is death penalty as

16    well. Yes, Your Honor. I apologize.

17          THE COURT: All right. So for Mr. Trent and

18    Mr. Coleman [sic], Count Three also charges a crime that is

19    punishable by death, or imprisonment for any term of years,

20    or for life.

21          Now, Mr. Trent, do you understand the maximum

22    penalties -- well, all of the penalties that you face if

23    you're convicted of these charges?

24          DEFENDANT DESHAUN TRENT: Yes, sir.

25          THE COURT: And, Mr. Chandler, do you understand the

1  penalties that you face if you're convicted of these charges?

2      DEFENDANT CHANDLER:  Yes, sir.

3      THE COURT:  Ms. Fuller?

4      DEFENDANT FULLER:  Yes.

5      THE COURT:  And Ms. Ross?

6      DEFENDANT ROSS:  (Nods head)

7      THE COURT:  All right.  Mr. Kowalczuk, is Mr. Trent

8  prepared to be arraigned?

9      MR. KOWOLCZUK:  He is, Your Honor.

10     Prior to that, Your Honor, my client informed me

11 that the correct spelling of his first name is D-E-S-H-A-U-N.

12 So I would ask that that be corrected to reflect the proper

13 spelling.

14     THE COURT:  All right.  Ms. Carlton, do you move for

15 that amendment?

16     MS. CARLTON:  So moved.

17     THE COURT:  All right.  That will be granted.

18     MR. KOWOLCZUK:  Yes, Your Honor, he is ready to be

19 arraigned.

20     THE COURT:  Okay.  All right.  Mr. Trent, how old

21 are you?

22     DEFENDANT DESHAUN TRENT:  24.

23     THE COURT:  And how far did you go in school?

24     DEFENDANT DESHAUN TRENT:  I got a high school

25 diploma.

1        THE COURT:  What sort of jobs or employment have you

2   had?

3        DEFENDANT DESHAUN TRENT:  Fast food restaurants, as

4   far as Hardee's and Kentucky Fried Chicken.  I was a cook at

5   Hardee's on Riverside, and then I was a cook for Kentucky

6   Fried Chicken on Memorial Drive.

7        THE COURT:  Now, are you currently or have you

8   recently been under the care of a doctor, psychologist, or

9   psychiatrist for any mental health condition?

10       DEFENDANT DESHAUN TRENT:  No, sir.

11       THE COURT:  Have you taken any drugs, medicine, or

12  pills in the last 24 hours?

13       DEFENDANT DESHAUN TRENT:  No, sir.

14       THE COURT:  Are you presently under the influence of

15  alcohol?

16       DEFENDANT DESHAUN TRENT:  No, sir.

17       THE COURT:  All right.  And, Mr. Trent, have you had

18  enough time to talk to Mr. Kowalczuk about the charges

19  against you so that you can enter a plea today?

20       DEFENDANT DESHAUN TRENT:  Yes, sir.

21       THE COURT:  All right.  And, Mr. Kowalczuk, does he

22  waive a formal reading of the indictment?

23       MR. KOWOLCZUK:  Yes, sir, he does.  I reviewed it

24  with him.

25       THE COURT:  All right.  Well, then, Mr. Trent, as to

1  Counts One through Seven of the indictment, how do you plead;

2  guilty or not guilty?

3          DEFENDANT DESHAUN TRENT:  Not guilty.

4          THE COURT:  All right.  I'll note a not guilty plea

5  for the record.

6          You all may be seated.

7          MR. KOWOLCZUK:  Thank you, Your Honor.

8          THE COURT:  All right.  And is Mr. Chandler ready to

9  be arraigned?

10          MR. DORSEY:  He's ready, Your Honor.

11          THE COURT:  Mr. Chandler, how old are you?

12          DEFENDANT CHANDLER:  24.  Oh.

13          MR. DORSEY:  Don't get that close.

14          DEFENDANT CHANDLER:  My bad.

15          THE COURT:  I appreciate the effort.  Thank you.

16          Mr. Chandler, how far did you go in school?

17          DEFENDANT CHANDLER:  GED.

18          THE COURT:  All right.  And what sort of jobs or

19  employment have you had?

20          DEFENDANT CHANDLER:  Welding jobs.

21          THE COURT:  I'm sorry?

22          DEFENDANT CHANDLER:  Welding jobs.  DeMarco's

23  (phonetic) and SynTec.

24          THE COURT:  Okay.  Now, are you currently or have

25  you recently been under the care of a doctor, psychologist,

1   or psychiatrist for any mental health condition?

2               DEFENDANT CHANDLER:  No, sir.

3               THE COURT:  Have you taken any drugs, medicine, or

4   pills in the last 24 hours?

5               DEFENDANT CHANDLER:  Yeah.

6               THE COURT:  And you can talk to your attorney about

7   that.

8               (Defendant Chandler conferring with counsel)

9               MR. DORSEY:  Say yes.

10              DEFENDANT CHANDLER:  Yeah.  Yes, sir.

11              THE COURT:  All right.  Let me just ask you this.

12  Are you currently feeling any effects from any medicine or

13  pills or drugs that you may have taken?

14              DEFENDANT CHANDLER:  No, sir.

15              THE COURT:  All right.  Do you feel like you

16  understand what I'm saying to you today?

17              DEFENDANT CHANDLER:  Yes.

18              THE COURT:  And everything that's going on here

19  today?

20              DEFENDANT CHANDLER:  Uh-huh.  Yes, sir.

21              THE COURT:  All right.  Are you presently under the

22  influence of alcohol?

23              DEFENDANT CHANDLER:  No, sir.

24              THE COURT:  All right.  And, Mr. Chandler, is your

25  name spelled properly on the indictment?

1      DEFENDANT CHANDLER:  Yes, sir.

2      THE COURT:  And does he waive a formal reading of

3  the indictment?

4      MR. DORSEY:  He so waives, Your Honor.

5      THE COURT:  Mr. Chandler, do you think you've had

6  enough time to talk to your attorney about the charges

7  against you so that you can enter a plea today?

8      DEFENDANT CHANDLER:  Yes, sir.

9      THE COURT:  Then as to Counts One through Seven of

10  the indictment, how do you plead; guilty or not guilty?

11      DEFENDANT CHANDLER:  Not guilty.

12      THE COURT:  I'll note a not guilty plea for the

13  record for Mr. Chandler.  Thank you.

14      DEFENDANT CHANDLER:  Thank you.

15      THE COURT:  All right.  And, Ms. Fuller, is she

16  prepared to be arraigned?

17      MR. DIVINEY:  She is, Your Honor.

18      THE COURT:  Ms. Fuller, how old are you?

19      DEFENDANT FULLER:  20.

20      THE COURT:  What sort of jobs or employment have you

21  had?

22      DEFENDANT FULLER:  Manufacturing.

23      THE COURT:  All right.  Are you currently or have

24  you recently been under the care of a doctor, psychologist,

25  or psychiatrist for any mental health condition?

1          DEFENDANT FULLER:  No.

2          THE COURT:  Have you taken any drugs, medicine, or

3    pills in the last 24 hours?

4          DEFENDANT FULLER:  No.

5          THE COURT:  Are you presently under the influence of

6    alcohol?

7          DEFENDANT FULLER:  No.

8          THE COURT:  And, Ms. Fuller, is your name spelled

9    properly on the indictment?

10         DEFENDANT FULLER:  Yes.

11         THE COURT:  Okay.  And have you had enough time to

12   talk to your attorney about the charge against so that you

13   can enter a plea?

14         DEFENDANT FULLER:  Yes.

15         THE COURT:  And does she waive a formal reading of

16   the indictment?

17         MR. DIVINEY:  She does, Your Honor.

18         THE COURT:  Ms. Fuller, as to Count Eight of the

19   indictment, how do you plead; guilty or not guilty?

20         DEFENDANT FULLER:  Not guilty.

21         THE COURT:  I'll enter a not guilty plea for the

22   record for Ms. Fuller.  Thank you.

23         And is Ms. Ross prepared to be arraigned?

24         MR. GRIMES:  She is, Your Honor.

25         THE COURT:  Okay.  Ms. Ross, how old are you?

1          DEFENDANT ROSS:  22.

2          THE COURT:  And how far did you go in school?

3          DEFENDANT ROSS:  Graduated.

4          THE COURT:  High school?

5          DEFENDANT ROSS:  From high school, yes.

6          THE COURT:  What sort of jobs or employment have you

7   had?

8          DEFENDANT ROSS:  Nursing.

9          THE COURT:  Ms. Ross, are you currently or have you

10  recently been under the care of a doctor, psychologist, or a

11  psychiatrist for any mental health condition?

12         DEFENDANT ROSS:  No.

13         THE COURT:  Have you taken any drugs, medicine, or

14  pills in the last 24 hours?

15         DEFENDANT ROSS:  No.

16         THE COURT:  Are you presently under the influence of

17  alcohol?

18         DEFENDANT ROSS:  No.

19         THE COURT:  And, Ms. Ross, is your name spelled

20  properly on the indictment?

21         DEFENDANT ROSS:  Yes.

22         THE COURT:  Have you had enough time to talk to your

23  attorney so that you can enter a plea today?

24         DEFENDANT ROSS:  Yes.

25         THE COURT:  Does she waive a formal reading of the

1    indictment?

2              MR. GRIMES:  She does, Your Honor.

3              THE COURT:  Ms. Ross, then as to Counts Eight, Nine,

4    Ten, and 13 through 21 of the indictment, how do you plead;

5    guilty or not guilty?

6              DEFENDANT ROSS:  Not guilty.

7              THE COURT:  I'll note a not guilty plea for the

8    record for Ms. Ross as well.

9              Thank you.  You may be seated.

10             All right.  This case is going to be set in front of

11   Chief Judge Urbanski, and counsel will need to be in touch

12   with his chambers to schedule a trial date in this matter.

13             Now, we also need to take up, I think, the final

14   issue of the Bail Reform Act and whether these defendants

15   will be released or detained in the case.

16             You all have the right to be considered for release.

17   In some instances, there's a presumption that you would be

18   detained.

19             Let me ask the government's position on detention.

20   Ms. Carlton?

21             MS. CARLTON:  We are requesting a hold for each

22   defendant, Your Honor, both as a danger to the community and

23   as flight risks.  And we'll note that we have still not

24   arrested everyone charged in the indictment because some are

25   fugitives at this point.

1      THE COURT:  All right.  For Ms. Ross and Ms. Fuller,

2  can you tell me a little bit more about why, why there's a

3  serious risk of flight?  The charges against them are not

4  ones that would ordinarily require a detention hearing.

5  Typically, these people would be released on conditions.

6      MS. CARLTON:  Both individuals were actively

7  involved in the murder of Christopher Motley and the

8  attempted murder of Justion Wilson, as the indictment charges

9  them with.  They are dangerous to their community and were

10  involved, closely associated, with the gang members in this

11  case.

12      A couple of the defendants in this case have already

13  fled, including one out of the jurisdiction, and we are

14  tracking them.  We believe that these individuals would not

15  only assist that flight but may accompany some of these

16  individuals on that flight, if they could do so.  They have

17  little to no ties to the community.  I understand that

18  they're from Danville, but --

19      THE COURT:  The report, yeah, it indicates they're

20  life-long residents of Danville.

21      MS. CARLTON:  Well, neither one has permanent jobs.

22  They have no real --

23      MR. DIVINEY:  That's not true.  In the pretrial

24  services report, it says that my client is employed

25  full-time.

1          THE COURT:  I'll certainly give you a chance.

2          I mean, just procedurally, I need to make sure that

3    there is some reason to hold a detention hearing.

4          For Mr. Trent and Mr. Chandler, they're facing

5    charges that require a detention hearing and there's a

6    presumption that they would be detained.

7          For Ms. Fuller and Ms. Ross, I don't believe that

8    the charges would require a detention hearing.  So, really,

9    there would need to be some other reason to hold one; and if

10   they present a serious risk of flight, that could be a

11   reason.  But I think that's something that -- if that's what

12   you're invoking, then we can hear further from defense

13   counsel on that.

14         MS. CARLTON:  And there's also a serious risk that

15   such person will obstruct or attempt to obstruct justice.

16   Probable cause has already been found, in fact, by a Grand

17   Jury that they are involved in one form of obstruction of

18   justice; for Ms. Fuller, as an accessory after the fact.  And

19   Ms. Ross herself, who has now been -- a Grand Jury has found

20   probable cause that she has obstructed this very

21   investigation, as well as lied in the Grand Jury.

22         Having lied to the Grand Jury, as they have found by

23   probable cause, you know, we have little trust that she would

24   provide truthful information to a probation officer or to

25   this Court, having not proven herself to be accurate in the

1  past.

2        So we would move also that they're serious risks of

3  obstruction of justice, Your Honor.

4        THE COURT:  All right.  Okay.  Thank you,

5  Ms. Carlton.

6        Mr. Kowalczuk, is Mr. Trent in custody?

7        MR. KOWOLCZUK:  He's in custody, Your Honor.  He has

8  a pending murder charge in Danville Circuit Court, being held

9  without bond, so we are not challenging his detention.

10        THE COURT:  Okay.  All right.  Mr. Dorsey, how about

11  for Mr. Chandler?

12        MR. DORSEY:  Your Honor, given the seriousness of

13  the charges, we certainly understand the USA's position.

14  We're not challenging detention at this point.  However, we

15  reserve the right to have a more formal and detailed bond

16  hearing in the future scheduled with the Court.

17        THE COURT:  All right.  So, Mr. Chandler, what I'm

18  going to do is enter a detention order, but I'm going to note

19  in it that you didn't seek release today.  And at any time,

20  you and Mr. Dorsey can come back to the Court and present

21  your argument for release.

22        DEFENDANT CHANDLER:  All right.

23        MR. DORSEY:  Thank you, Your Honor.

24        THE COURT:  All right.  Mr. Diviney, what do you

25  have to say on Ms. Fuller's behalf?

1        MR. DIVINEY:  Judge, I don't know anything more

2   about this case than, you know, what is in the indictment

3   that I've gone over this afternoon.  And I don't know

4   anything more about my client than what's in the pretrial

5   services report.

6        She's wearing an IKEA shirt; that's where she works.

7   She was picked up at 7 o'clock this morning.

8        The report states very clearly that she has lived in

9   Danville her whole life.  I don't know what stronger ties to

10  the community someone could possibly have than never having

11  lived elsewhere.

12       And she is not charged with obstruction of justice.

13  I haven't heard any evidence, I'm not aware of any, that she

14  obstructed justice in any single way.  She's charged with one

15  count of having been accessory after the fact.  And so, at

16  worst, she may have been involved after the fact in the

17  murder that's been alleged in that indictment.

18       Judge, no criminal history.

19       THE COURT:  The nature of what's alleged is that she

20  was involved in hindering, preventing the apprehension,

21  trial, and punishment; which it's not an obstruction of

22  justice charge, but it sounds like there would be some

23  similar characteristics.

24       MR. DIVINEY:  I understand, Your Honor.  And, again,

25  I'm at something of a disadvantage in that regard.

1          THE COURT:  And I understand that.  And,

2   Mr. Diviney, if there's a basis for -- to hold a detention

3   hearing, you know, either you or the government would be

4   entitled to continue the detention hearing for a few days so

5   that either one of you could prepare for that, if that's what

6   you want.  Or the government may be asking for that, too.  I

7   don't know.  Or you can move for it today.

8          MR. DIVINEY:  Yeah, you know, I would like to go

9   forward today.  I think there's every reason in the world to

10  release her this afternoon.  I don't see any reason not to,

11  so...

12          THE COURT:  All right.  And Mr. Grimes?

13          MR. GRIMES:  Your Honor, I am really troubled by two

14  representations just made by the United States.

15          Number one, that my client is not a long-term

16  resident of Pittsylvania County and Danville, when the report

17  prepared by the probation office says exactly the opposite.

18          She's 22 years old, born in Danville in 1995.  She

19  lived there all her life, has two children there, has an

20  address for her.  She lives with two children ages four and

21  one.

22          So I'm troubled by the fact that the United States

23  would make that representation to the Court.  That's serious.

24          THE COURT:  Well, I think Ms. Carlton walked that

25  back by saying that -- further explaining herself on that.

1        MR. GRIMES:  It shouldn't have had to have been

2   walked back.

3        Item two, she's not employed, when the report says

4   she works for Commonwealth Senior Living.  She tells me she

5   has two jobs.  She works for Commonwealth Senior Living, and

6   then she sits with a resident in the community as well and

7   provides in-home care, if you will.

8        And no criminal history whatsoever.  And the

9   allegations are what they are, which is, to a large extent,

10  lying to a Grand Jury, with charges that are parsed every

11  which way from Sunday.

12       So we do want to go forward with a detention

13  hearing.

14       THE COURT:  All right.  Are y'all ready to go

15  forward?

16       MS. CARLTON:  We would move for our three days, Your

17  Honor.  All of our agents are at the scene actively trying to

18  capture the remaining fugitives.  And we would need

19  appropriate time to provide Jencks for that witness as well.

20       THE COURT:  All right.  All right.  Well, based on

21  the nature of the charges against -- or the charge against

22  Ms. Fuller and the charges against Ms. Ross, it does at least

23  raise some concern about possible obstruction of justice that

24  I think would -- would require a detention hearing to

25  determine whether there are conditions under which they could

1  be released.  In that instance, either party is entitled to

2  request a continuance; the government three days, the

3  defendant five days.  And I think that's a right that either

4  one of you all would have.

5          So if the government is invoking that three days,

6  then I think we have to set a detention hearing.

7          Now, Ms. Carlton, would you be ready to go forward

8  tomorrow on that?

9          MS. CARLTON:  No, Your Honor.  We've been going

10  since 3 a.m.  We would need time to pull together the Jencks,

11  find that agent, prepare that agent for the hearing.  They

12  are still very -- about five minutes before we walked in,

13  they were still very active out at the scene.

14          THE COURT:  Well, three days, three business days,

15  would put this on next Tuesday.  Are you all available in the

16  afternoon?

17          MR. GRIMES:  Your Honor, it really doesn't matter.

18  I will make myself available.  Three days would be Father's

19  Day.  It could be on Father's Day, if you like; or if not,

20  Tuesday is fine.

21          THE COURT:  Mr. Diviney?

22          MR. DIVINEY:  The morning would be better for me,

23  but I can figure out how to be here in the afternoon.

24          THE COURT:  I'm in Harrisonburg in the morning with

25  the Court schedule, so I think it will have to be afternoon.

1          Ms. Carlton, are y'all available?

2          MS. CARLTON:  Yes, Your Honor.

3          THE COURT:  Okay.  All right.  Can we set these

4    together?  Does that make sense, Counsel, to do them

5    together?  They will be separate inquiries, of course, but

6    there may be similar evidence.

7          MR. GRIMES:  Yes, sir.

8          MS. CARLTON:  For the accessory after the fact,

9    there would be, Your Honor, proving up that obstruction, to

10   an extent.  Yes.  The answer is yes.

11         THE COURT:  So why don't we set both of the bond

12   hearings, then, for Tuesday, June 19th, at 2:30 here in

13   Roanoke.

14         All right.  Is there anything else that we need to

15   take up in the case today, Ms. Carlton?

16         MS. CARLTON:  One thing, Your Honor.  We have over,

17   conservatively, 180 gigabytes of discovery almost prepared to

18   turn over to defense counsel.  We would like to do that on a

19   rolling basis.  Because of the extent of the discovery, we

20   have gone ahead and handed out joint discovery orders.  And

21   the sooner we can get them, the sooner we can move forward on

22   the discovery.  We would need hard drives from the defense

23   counsel for it, considering the size of the files.

24         THE COURT:  Mr. Kowalczuk, anything else we need to

25   take up today?

1       MR. KOWOLCZUK:  No, sir, Your Honor.  I've already

2  signed the joint discovery order.

3       MR. DORSEY:  The same, Your Honor.  We've signed the

4  joint discovery.

5       THE COURT:  Mr. Diviney?

6       MR. DIVINEY:  Nothing to take up, Your Honor.

7       THE COURT:  Mr. Grimes, anything else?

8       MR. GRIMES:  No, Your Honor.  Thank you.

9       THE COURT:  Thank you.

10       Ms. Carlton, you can get those to me whenever they

11  are ready.

12       I'd ask the marshal to declare court in recess.

13       THE MARSHAL:  All rise.

14  (Proceedings adjourned, 2:32 p.m.)

15                     CERTIFICATE

16    I, JoRita B. Meyer, certify that the foregoing is a

17  correct transcript from the record of proceedings in

18  the above-entitled matter.

19  /s/ JoRita B. Meyer              Date: 7/18/2018

20

21

22

23

24

25