IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(*Danville Division*)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Case Number: 4:18CR00011-04 |
| | ) | |
| | ) | |
| DASHAUN LAMAR TRENT | ) | |

**DEFENDANT'S SUGGESTED FOUR ADDITIONAL VENIRE QUESTIONNAIRE QUESTIONS AND SUGGESTED REVISION TO FIVE OF THE COURT'S QUESTIONS**

COMES NOW your defendant, Dashaun Lamar Trent, and respectfully moves this Court for entry of an order: (i) adding four additional questions regarding: retirement, fear of gangs, concern for personal safety, and smoking to the Court's draft Juror Questionnaire; and (ii) revising the language/structure of the Court's original question numbers: 37, 38, 39, 40, AND 42.

## I: ADDITIONAL QUESTIONS

7A.　Are you retired?　　[ ] Yes [ ] No

　　(a)　If YES, from what profession did you retire? _____

29A.　Do you have a fear of gangs or gang activity?　　[ ] Yes [ ] No

　　(a)　If YES, please explain. _____

29B.　Do you have a concern for your personal safety given that this case involves allegations that the defendants are member of a street gang known as the "Rollin' 60s."?

　　[ ] Yes [ ] No

　　(a)　If YES, please explain. _____

43A.　Do you smoke cigarettes and/or "vape"?

　　[ ] Yes [ ] No

　　(a)　If YES, how often do you need to take a "smoke/vape" break in order to remain comfortable and focused? _____

## II: REVISED QUESTIONS

37. At the end of the trial, the judge will instruct you that the prosecution has the burden of proving a defendant's guilt **beyond a reasonable doubt**. Probability and/or suspicion of guilt are never enough - the proof must be **beyond a reasonable doubt** in order to find a defendant guilty. If the prosecution fails to prove a defendant's guilt **beyond a reasonable doubt**, you must acquit the defendant.

    (a) Do you believe in the concept of **"proof beyond a reasonable doubt"**?

[ ] Yes [ ] No

If NO, please explain:_____

_____

    *NOTE: It is respectfully suggested that no question(s) should be asked regarding "whether a venire member may or may not be able to follow the judge's instruction" in relation to the concept of reasonable doubt. The issue, at this point, is not rehabilitation, but what the juror actually believes as regards the concept of proof beyond a reasonable doubt.

38. At the end of the trial, the judge will instruct you that a defendant in a criminal case is not required to prove his innocence, or produce any evidence at all. The defendant may rely solely on this **"presumption of innocence"** and the prosecution's burden to prove his guilt **beyond a reasonable doubt** in order to be found not guilty.

    (a) Do you believe in the concept of the **"presumption of innocence".**

[ ] Yes [ ] No

If NO, please explain:_____

_____

    *NOTE: It is respectfully suggested that no question(s) should be asked regarding "whether a venire member may or may not be able to follow the judge's instruction" in relation to the presumption of innocence. The issue, at this point, is not rehabilitation, but rather what the juror actually believes as regards the concept of the presumption of innocence.

39. At the end of the trial, the judge will instruct you that a criminal defendant is never required to testify at his trial. If a defendant does not testify, you may not hold that against him in any way.

   (a) Do you believe that a defendant who does not testify is probably guilty otherwise he would get on the stand and tell "his side of the story"?

   [ ] Yes [ ] No

   If YES, please explain._____

   _____

   *NOTE: It is respectfully suggested that no question(s) should be asked regarding "whether a venire member may or may not be able to follow the judge's instruction" in relation to the right to not testify. The issue, at this point, is not rehabilitation, but rather what the juror actually believes as regards the concept of the right to not testify without prejudice.

40. At the end of the trial, the judge will instruct you that a law enforcement officer's testimony must be evaluated just as any other witness. In other words, his testimony must not be believed, or disbelieved, merely because the witness is a law enforcement officer.

   (a) Do you believe that police officers deserve extra credibility or are more believable because they are in law enforcement?

   [ ] Yes [ ] No

   If YES, please explain._____

   _____

   (b) Do you believe that police officers deserve less credibility or are less believable because they are in law enforcement?

   [ ] Yes [ ] No

   If YES, please explain._____

   _____

42. Do you have an opinion about the government's use of witnesses, sometimes referred to as "snitches" who admit they participated in criminal activity and who expect to get some benefit such as a reduced or more lenient sentence from the court in exchange for their testimony?

   [ ] Yes [ ] No

   If YES, please explain._____

   _____

It is respectfully submitted that the revised questions suggested herein will more accurately ferret out jurors' true feelings regarding reasonable doubt, the presumption of innocence, the right to not testify, and law enforcement bias. Questions which ask a prospective venire member whether or not they can "follow the judge's instruction(s)" are not likely to evince the true beliefs of those jurors who may believe that most defendant's are guilty, etc. irrespective of the "Court's instructions" to the contrary. Written rehabilitation is simply too unreliable a method to discern the bias of those jurors who may, in fact, not be indifferent to the cause regarding these important constitutional safeguards. Even in the privacy of a written questionnaire, many jurors will not reveal their true feelings if they are given an easy out by asking them if they can follow "the Court's instructions". The time for rehabilitation, if possible, should be done in open court so that the Court and counsel for the parties can evaluate their oral responses and the manner in which those responses are given.

WHEREFORE, your defendant, Dashaun Lamar Trent, respectfully moves this Court for entry of an order (i) adding four additional questions regarding: retirement, fear of gangs, concern for personal safety, and smoking to the Court's draft Juror Questionnaire; and (ii) revising the language/structure of the Court's original question numbers: 37, 38, 39, 40, AND 42.

                                                    Respectfully submitted,
                                                    DASHUAN LAMAR TRENT
                                                    /s/Chris K. Kowalczuk

Chris K. Kowalczuk, Esq.
P.O. Box 11971
Roanoke, VA 24022
(540) 345-0101
      Counsel for Defendant

Patrick J. Kenney, Esq.
P.O. Box 599
Roanoke, VA 24004
(540) 491-0423
      Counsel for Defendant

## CERTIFICATE OF SERVICE

    I, Chris K. Kowalczuk, Esq., counsel for Dashaun Lamar Trent, hereby certify that on this 7th day of May, 2019, the foregoing was forwarded to counsel for the United States and all counsel of record in this case via the Court's electronic case filing system.

                                       /s/Chris K. Kowalczuk