**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**(*DANVILLE DIVISION*)**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Case Number: 4:18CR00011-04** |
| | ) | |
| **DASHAUN LAMAR TRENT** | ) | |

**MOTION IN LIMINE TO REDACT CERTIFICATES OF ANALYSIS WHICH LIST SUSPECT NAMES**

COMES NOW Dashaun Lamar Trent, by counsel, and respectfully moves this Court for entry of an Order directing the United States to redact the names of any "suspect" listed on any Certificate(s) of Analysis intended as an exhibit in the trial of this matter and states the following in support thereof:

The United States has delivered to counsel for all defendants 2,125 trial exhibits. Many of those exhibits contain the word "Suspect(s)" followed by a list of names. In many cases, the list includes defendants in this case who are scheduled for trial on October 7, 2019. For example, Government Exhibit 310 is a Certificate of Analysis (FS Lab # W 16-I 0692) dealing with marijuana which has the word "Suspect(s)" and:   MILES, Phillip Daekwon
TRENT, Kevin Lamont
TRENT, Kanas Lamont'e
TRENT, Deshaun Lamar.

The same is true of Government Exhibits 311 and 314 which involve ballistics with all four names are listed. Government Exhibits 312 and 315 (also ballistics) are similar but only list the names of two defendants: Kanas Lamont'e Trent and Dashaun Lamar Trent.

These "suspect" identifications on a trial exhibit undercut your Defendant's right to the presumption of innocence. The exhibit upon which the United States relies should simply state the analysis and results thereof and not tie any particular defendant (on its face) to an exhibit. The government should be required to tie a particular certificate of analysis to a particular defendant(s) with other evidence. Permitting the names to remain permits the "bootstrapping" of a particular defendant to a particular exhibit without the requisite nexus in the form of other evidence. Further, allowing the name of any defendant (whether or not he/she has plead guilty or not guilty) to remain

on these certificates of analysis relieves the United States of proving each and every element of the crimes charged beyond a reasonable doubt.

The certificates discussed herein only represent a small number of the certificates of analysis filed as trial exhibits by the United States. That being said, your Defendant objects to any certificate of analysis containing his name or the name of any other defendant in this case.

WHEREFORE, your Defendant respectfully moves this Court for entry of an Order directing the United States to redact the names of any "suspect" who is also a defendant in this case or the companion case (4:18-cr-00012) listed on any Certificates of Analysis intended to be introduced as an exhibit in the trial of this matter.

                                                  Respectfully submitted,

                                                  DASHAUN LAMAR TRENT

                                                  By /s/    Chris K. Kowlaczuk

Christopher K. Kowalczuk, Esquire
P. O. Box 11971
Roanoke, VA 24022
(540) 345-0101
       Counsel for the Defendant

Patrick J. Kenney, Esquire
P.O. Box 599
Roanoke, VA 24004
(540) 491-0423
       Counsel for the Defendant

CERTIFICATE OF SERVICE

I, Christopher K. Kowalczuk, Esquire, hereby certify that on this 28th day of July, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                                  /s/    Chris K. Kowalczuk