## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## (*DANVILLE DIVISION*)

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | Case Number: 4:18CR00011-04 |
| ) | |
| **DASHAUN LAMAR TRENT** ) | |

### DEFENDANT'S MOTION TO STAY PROCEEDINGS

COMES NOW Your Defendant, Dashaun Lamar Trent, and respectfully moves this Honourable Court for entry of an order staying the current proceedings - including the trial now scheduled for October 7, 2019, and further moves this Court for entry of an order admitting Your Defendant to bail, and states the following in support thereof:

(1) On July 23, 2019, this Court entered an Order[1] dismissing, *inter alia*, Counts 4, 8, 14 and 18.[2]

(2) On August 21, 2019, a scant six weeks prior to the trial of this matter, the United States filed a Notice of Appeal[3] evincing her intent to appeal this Court's Order dismissing the Assault with a Dangerous Weapon VICAR counts as set forth in Counts 4, 8, 14, 18 of the First Superseding Indictment.

(3) While the United States indicates in her filing that "[i]f the OSG elects not to pursue the appeal, the United States will withdraw [her] Notice,"[4] there is no timetable

---

[1] ECF 555.

[2] The dismissed counts were all Violent Crimes in Aid of Racketeering ("VICAR") Assault with a Dangerous Weapon based on defense motions ECF 355, 358, and 362.

[3] ECF 623.

[4] Notice of Appeal FN 1 [ECF 623].

given, envisioned, or suggested as to when this decision will be made. Given the vast amount of evidence and numerous exhibits in this case,[5] counsel for your defendant is now involved in pre-trial preparation on a nearly daily basis as the trial draws nigh.

(4)     Notwithstanding these circumstances, the United States has chosen to file a Notice of Appeal and maintains that the trial of the remaining counts should nonetheless proceed. To the contrary, the filing of the Notice of Appeal by the United States mandates that this proceeding now be stayed.

5)     The filing of her Notice of Appeal divests this Court of further jurisdiction in this case. The contention by the United States that the trial could "proceed to trial on the remaining counts from the First Superseding Indictment"[6] is quite simply, untenable and unlawful. The idea that these defendants would endure a four to six week jury trial, while in custody, only to be tried at some future date on the dismissed "VICAR" counts would be manifestly unjust. It would also be a tremendous waste of judicial and taxpayer resources. This matter needs to be tried once and not broken up into two parts.

(6)     The United States claims that "the filing of this Notice does not divest the Court of jurisdiction over the entire case, only the dismissed counts being appealed to the Fourth Circuit."[7] Thus, the United States misapprehends the holding of *United States v. Modanlo*[8] which expressly states that: **"a trial may not be conducted from the time that**

---

[5]     The United States' list of trial exhibits exceeds 2000.

[6]     Notice of Appeal FN 1 [ECF 623].

[7]     Notice of Appeal FN 1 [ECF 623].

[8]     762 F.3d 403, 411 (4th Cir. 2014). [emphasis added]

**an interlocutory or collateral order appeal is properly taken until the court of appeals returns jurisdiction to the district court."**

(7) The United States cites to *United States v. Centracchio* for the proposition that, notwithstanding the 4th Circuit's contrary holding in *Modanlo*, that "the transfer of jurisdiction is not absolute . . . [but that] [t]he government's right to appeal under Section 3731 is *pinpointed on particular evidentiary rulings, [and] there will be cases in which the taking of the appeal will not require the district court to relinquish jurisidiction."*[9] [10] While such a statement is true, in limited circumstances, this position misses the point of the *Centracchio* Court which did point out that there are limited circumstances, not present in the case at bar or in *Centracchio* itself, "for situations in which the danger of [the district court and the court of appeals] [colliding] is remote, as when the only issue for decision in the trial court is a motion for attorneys' fees."[11] As noted, the United States relies on *Centracchio* in support of the untenable belief that the instant case in one of the "limited circumstances" when the district court may continue to exercise jurisdiction notwithstanding the filing of a notice of appeal during the pendency of a case in the district court. Perhaps the United States overlooked that part of the *Centracchio* opinion where the Seventh Circuit directs the reader to *Kusay v. United States*[12] for examples "in which the taking of the appeal will not require the district court to relinquish jurisdiction [and therefore] the court

---

[9] 236 F.3d 812, 813 (7th Cir. 2001).

[10] Notice of Appeal FN1 [ECF 623].

[11] *United States v. Centracchio*, 236 F.3d 812, 813 (7th Cir. 2001).

[12] 62 F.3d 192, 194 (7th Cir. 1995).

will be able to continue getting the case ready for trial."[13] Such examples include the awarding of attorney fees, granting permanent injunctive relief, address ancillary issues like costs and registration of judgments, and frivolous efforts to block litigation.[14] They do not include the appeal of a dismissal of "VICAR" counts by the district court. The United States does not disclose that *Centracchio* dealt with a case in which the United States appealed "an order by district judge excluding certain evidence that the government wanted to present at trial."[15] Such an appeal is foursquare within the concept of staying the jurisdiction of the district court - it was not an ancillary matter permitting the district court to maintain jurisdiction. Moreover, the key holding of *Centracchio* explicitly states that "that the filing of a notice of appeal under section 3731 **precludes** the district judge's empaneling the jury."[16] Given this holding, the idea that the United States would cite this case for the proposition that this "Court still has jurisdiction to proceed to trial on the remaining counts"[17] is a complete misapprehension of the case. Accordingly, this Court should follow the precedent established by the Fourth Circuit - and the same controlling precedent from the Seventh Circuit erroneously relied upon by the United States in the *Centracchio* case. Indeed, the Supreme Court of the United States has, not surprisingly, long held that "it was generally understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing

---

[13] *United States v. Centracchio,* 236 F.3d 812, 813 (7th Cir. 2001).

[14] *Kusay v. United States*, 62 F.3d 192, 194 (7th Cir. 2001).

[15] *Id.* at 812- 813.

[16] 236 F.3d at 814. [emphasis added]

[17] Notice of Appeal FN 1 [ECF 623].

of a notice of appeal is an event of jurisdictional significance - in confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."[18] The idea that this Court would hold a trial on the non-dismissed counts and then, assuming the United States prevailed on appeal as to the dismissed "VICAR" counts, would then hold a second trial would create a manifest injustice.

(8)  In another misapprehension of caselaw, the United States also relies on an *United States v. Tovar-Rico*[19] from the Eleventh Circuit for the proposition that "an appeal under Section 371 does not divest a district court of jurisdiction to conduct a trial of co-defendants on charges unaffected by the pending appeal."[20]  *Tovar-Rico* was a case in which the United States appealed a decision of the district court to suppress certain evidence in reliance upon the second paragraph of § 18 U.S.C. 3731.  At the outset, the *Tovar-Rico* Court noted that: "[i]n the usual case, with limited exceptions **not present here**, the filing of a notice of appeal divests the district court of jurisdiction over the aspects of the case involved in the appeal."[21]  *Tovar-Rico,* like the case at bar, involves important, substantive issues - not ancillary issues such the examples provided by Judge Eastebrook in *Kusay* discussed herein.

---

[18]  *Griggs v. Provident Consumer Discount Company*, 459, U.S. 56, 58 (1982).

[19]  *United States v. Tovar-Rico*, 61 F.3d 1529 (11th Cir. 1995).

[20]  Notice of Appeal FN 1 [ECF 623].

[21]  *United States v. Tovar-Rico,* 61 F.3d. 1529, 1532 (11th Cir. 1995). [emphasis added]

(9) Finally, in perhaps the most puzzling cite to authority upon which the United States relies, is the claim that *United States v. Brooks*[22] suggests that "[t]he district court generally retains jurisdiction to control those aspects of a case not involved in the pending appeal"[23] and that those "aspects" are present herein. In *Brooks*, on the first morning of the trial, the judge sustained the defendant's objection to certain evidence crucial to the government's prosecution of the case. Prior to swearing the jury, the United States orally noticed her intent to appeal the judge's ruling as to the excluded evidence. Prior to swearing of the jury the United States also filed a written notice of appeal as to the district court's evidentiary ruling premised on § 18 U.S.C. 3731. The similarities between the *Brooks*' facts and the instant case are important. Here, as in *Brooks,* the notice of appeal was filed prior to the swearing of the jury. Here, as in *Brooks*, the government relied upon 18 U.S.C. § 3731 as the statutory basis for the appeal. Here, as in *Brooks*, the issue on appeal is not an ancillary issue such the examples cited by Judge Easterbrook in *Kusay* (and upon which the United States derivatively through *Centracchio* relies for authority). The issue in *Brooks* was the suppression of evidence and the issue here is the dismissal of "VICAR" counts - hardly ancillary issues. The position taken by the United States in this case is nothing short of astonishing when considering the central holding of *Brooks*:

> The specific question that must be answered today is whether a district court, after it receives notice of a properly filed section 3731 appeal, nonetheless may swear a jury and start the trial. We think not.[24]

The *Brooks* Court went on to observe that:

---

[22] 145 F.3d 446 (1st Cir. 1998).

[23] Notice of Appeal FN 1 [ECF 623].

[24] *United States v. Brooks*, 145 F.3d 446, 457 (1st Cir. 1998).

> To summarize, we hold that the filing of a proper notice of appeal pursuant to section 3731 divests the district court of its authority to swear a jury and start the trial. See Mavrokordatos, 933 F.2d at 846; see also Kusay, 62 F.3d at 194 (explaining that, during the pendency of a section 3731 appeal, the district court lacks jurisdiction to perform any activity that "cannot be described as an ancillary or unrelated matter"). No separate stay is necessary. This means, of course, that the actions taken by Judge Harrington subsequent to the docketing of the government's appeal were nullities. On remand, the slate must be wiped clean, the jurors discharged, and a new jury selected and sworn.[25]

(10) Here, the district court has received a properly filed notice of appeal pursuant to 18 U.S.C. §3731 and, just as in *Brooks*, (and every other case cited by the United States) this Court has now lost jurisdiction over the case - the matter must, as a matter of law, be stayed pending the outcome of the Fourth's Circuit's decision on the issue from which the United States has appealed.

WHEREFORE, Your Defendant, by counsel, respectfully moves this Honourable Court for entry of an order staying the current proceedings - including the trial now scheduled for October 7, 2019, and further moves this Court for entry of an order admitting Your Defendant to bail.

Respectfully submitted,

DASHAUN LAMAR TRENT

By /s/   Chris K. Kowalczuk

---

[25]   *Id.* at 457-458.

Chris K. Kowalczuk, Esquire
P. O. Box 11971
Roanoke, VA 24022
(540) 345-0101
 Counsel for the Defendant

Patrick J. Kenney, Esquire
P.O. Box 599
Roanoke, VA 24004
(540) 491-0423
 Counsel for the Defendant

<u>CERTIFICATE OF SERVICE</u>

 I, Chris K. Kowalczuk, Esquire, hereby certify that on this 21st day of August, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

            /s/ <u>Chris K. Kowalczuk</u>