## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## (*DANVILLE DIVISION*)

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Case Number: 4:18CR00011-04 |
| | ) | |
| **DASHAUN LAMAR TRENT** | ) | |

### DEFENDANT'S RESPONSE TO UNITED STATES' MOTION *IN LIMINE* REGARDING REFRENCES TO POTENTIAL SENTENCES

COMES NOW Your Defendant, Dashaun Lamar Trent, by counsel, and respectfully moves this Court for entry of an ORDER denying, in part, the United States' Motion *In Limine* Regarding References to Potential Sentences[1] and states the following in support thereof:

(1) The government seeks an *In Limine* ruling on a matter not yet in controversy by moving the Court to order the defendants "from referring to, or offering any evidence about the sentence, punishment, or other consequences they might receive. . . ."[2] No defendant has filed any motion which seeks to adduce evidence at the trial of this matter as regards the punishment faced by the these defendants. Nonetheless, the United States seeks a judicial solution for a problem that does not yet exist.

(2) The government's motion, not unlike her Motion *In Limine* to Preclude Improper Character Evidence,[3] rather cavalierly assumes that defense counsel know

---

[1] ECF 656.

[2] ECF 656 at page 1.

[3] ECF 654.

neither the Federal Rules of Evidence nor proper trial practice. The United States cites numerous cases for the unremarkable - an heretofore and hereinafter unchallenged - premise that the introduction of sentencing evidence as to any particular defendant is improper.

(3) After citing no less than five cases[4] in support of the unchallenged and uncontroversial trial practice rule that sentencing evidence may not be introduced by defendants, the United States then slips into her motion the real reason behind this pre-emptive strike at a non-existent threat: the undermining of the effectiveness of the cross examination of the government's cooperating witnesses by defense counsel. The United States suggests that the prohibition against sentencing evidence "should also extend to the questioning of cooperators, where the defendants may seek to "back door" statements and comments regarding the significant punishment being faced by the defendants under the *guise* of cross-examination."[5] To characterize the questioning of the cooperating witnesses as the "guise of cross-examination" is both disrespectful and misses the point of the exercise. Cross examination is not some slimy, slippery, dare I say guileful, trick in which defense counsel engage - it is one of the bedrock principles upon which Anglo-American trial practice and jurisprudence stand. One need only read the commentary on the importance of cross-examination by Professor Wigmore who incisively observed that:

> "For two centuries past, the policy of the Anglo-American system of Evidence has been to regard the necessity of testing by cross-examination as a vital feature of the law. The belief that no safeguard for testing the value of human

---

[4] *United States v. Lewis*, 110 F.3d 417, 422 (7th Cir. 1997); *United States v. Goodface*, 835 F.2d 1233; 1237 (8th Cir. 1987); *United States v. Meredith*, 824 F.2d 1418, 1429 (4th Cir. 1987); *United States v. Warner*, 396 F.Supp. 2d 924, 939 (N.D. Ill. 2005); and *United States v. Andreas*, 23 F. Supp 2d 835, 852 (N.D. Ill. 1998).

[5] ECF 656 at page 2.

> statements is comparable to that furnished by cross-examination, and the conviction that no statement (unless by special exception) should be used as testimony until it has been probed and sublimated by that test, has found increasing strength in lengthening experience."[6]

This *In Limine* attack by the sovereign aims to destroy these defendants' Sixth Amendment right "to be confronted with the witnesses against him."[7] The United States seeks to undermine this sacred trial right so as to deprive the jury from fully understanding the contours of the bargains with which the government has struck with her cooperating witnesses. The United States is fully aware that each cooperator may be fully cross-examined as to his/her plea agreement and that such plea agreements may be introduced into evidence - without redaction. In fact, one of the cases upon which the United States relies in support of her motion, *United States v. Lewis*,[8] affirmatively points out that the government, " 'on direct examation, . . . may elicit testimony regarding the witness' plea agreement and actually introduce the plea agreement into evidence.' "[9] In *Lewis*, the defendant had sought, pre-trial, to "advise the jury about the sentencing consequences of a guilty verdict. He [contended] that the jury, upon learning of his mandatory life sentence, would have deemed the penalty too great and exercised their unreviewable power to acquit."[10] The defendant's "request in Lewis was properly denied."[11] The government's reliance on this particular case to eliminate proper cross-examination as to the cooperator's

---

[6] 5 Wigmore on Evidence (3d ed. 1940) 1367.

[7] Sixth Amendment to the Constitution of the United States (1791).

[8] 110 F.3d 417 (7th Cir. 1997).

[9] *Id.* at 421 [internal cites omitted].

[10] *Id.* at 422.

[11] *Id.*

plea agreements is rather stunning since it was the prosecution in *Lewis* that actually introduced the plea agreements into evidence.

(4) In further support of her position for ineffective and weak cross-examination by defense counsel, the United States, cites *United States v. Meredith* for the novel concept "[t]he jury must reach its verdict without considering possible sentences . . . ."[12] Tellingly, however, the United States, perhaps under the guise of adversarial advocacy, neglects to inform the Court that *Meredith* quote, upon the government relies, was in response to the following observation from the Fourth Circuit: "Unquestionably, comments such as those the **prosecutor** made about the defendant's possible sentence, standing alone, are improper and may warrant reversal."[13] In other words, *Meredith*, as regards mentioning sentencing was in response to comments by the Assistant United States Attorney and really does not support the idea that the entire plea agreements in this case should not be the proper focus of cross-examination.

(5) In citing *United States v. Andreas*[14] the government relies on a case where the prosecution filed a pre-trial motion to "preclude [the defendants] from *inter alia* making reference to the potential penalties they face if convicted."[15] The Court, not surprisingly, held that "[a]s a matter of law, potential penalties are irrelevant as to guilt and thus inadmissible."[16] In *Andreas* the "[t]he defendants [did] not contest the motion."[17] Here, of

---

[12] 824 F.2d 1418, 1429 (4th Cir. 1987).

[13] *Id.* [emphasis added].

[14] 23 F.Supp. 2d 835 (N.D. Ill., 1998).

[15] *Id.* at 852.

[16] 23 F.Supp. 2d 835 (N.D. Ill., 1998); *citing Shannon v. United States*, 512 U.S. 573, 579 (1994), *citing Rogers v. United States* 422 U.S. 35, 40 (1975); *see also United States v.*

course, your Defendant, contests the government's motion because it goes further than what she sought in *Andreas* - namely, no mention of the possible sentences the defendants might receive. Here, the United States seeks to eviscerate the cross-examination of the cooperators as to their plea agreements all in violation of the Sixth Amendment. For example, Your Defendant respectfully submits that he should be able to fully cross-examine Jaquan Lamont Trent as to his plea agreement.[18] Such cross would include the fact that he entered a plea of guilty to Count One of the First Superseding Indictment and that he faces a maximum penalty of twenty years incarceration and that all other counts which he faced will be dismissed - including the specific charges contained in the dismissed counts.

(6) In yet another puzzling example of citing a case for an unchallenged proposition while not revealing important facts, the United States relies upon *United States v. Warner*[19] wherein the trial court granted the "motion to exclude evidence relating to the penalties faced by the defendants upon conviction."[20] In *Warner*, the two defendants were charged in 22-count indictment alleging, *inter alia,* violations of the Racketeer Influenced and Corrupt Organizations Action ("RICO") in violation of 18 U.S.C. § 1962(d). One of the defendants (George H. Ryan, Sr.), a former governor of Illinois, argued that allowing the jury to hear about the penalties he faced would "show that he had everything to lose and

---

*Lewis*, 110 F.3d 417, 422 (7th Cir. 1997).

[17]   *Id.*

[18]   ECF 369.

[19]   396 F.Supp 2d 924, 939 (N.D. Ill. 2005).

[20]   ECF 656 at page 2.

nothing to gain by misleading federal investigators."[21] Not surprisingly, the Court ruled that Ryan "may not, however, discuss the potential penalties faced by these Defendants, which are irrelevant to a jury's determination of their guilt or innocence."[22] Again, no defendant in the case at bar has motioned, petitioned, otherwise signaled his/her intent to adduce evidence about the penalties any of the trial defendants would face upon conviction. Dashaun Lamar Trent is not Governor Ryan and does not make a motion similar to that of the former Chief of Executive of the Prairie State. However, as the government correctly argued in Governor Ryan's case, "Ryan may test the credibility of government witnesses by exploring the benefits they received in exchange for their testimony, including lighter sentences.[23] Dashaun Lamar Trent, as well, should be able to test the credibility of the cooperators by exploring the full contours of their respective plea agreements - including sentences lighter than the maximum called for in their plea agreements.

WHEREFORE, your Defendant, by counsel, respectfully moves this Court for entry of an ORDER denying, in part, the United States' Motion *In Limine* Regarding References to Potential Sentences.[24] Your defendant respectfully submits that he should be permitted to cross-examine the cooperating witnesses as to the entirety of everything contained in their plea agreements.

Respectfully submitted,

DASHAUN LAMAR TRENT

By /s/     Chris K. Kowalczuk

---

[21]     396 F.Supp 2d at 939.

[22]     *Id.*

[23]     *Id.*

[24]     ECF 656.

Chris K. Kowalczuk, Esquire
P. O. Box 11971
Roanoke, VA 24022
    Counsel for the Defendant

Patrick J. Kenney, Esquire
P.O. Box 599
Roanoke, VA 24004
    Counsel for the Defendant

## **CERTIFICATE OF SERVICE**

I, Chris K. Kowalczuk, Esquire, hereby certify that on this 25th day of August, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                                    /s/    Chris K. Kowalczuk