**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(*DANVILLE DIVISION*)**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | Case Number: 4:18CR00011-04 |
| | ) | |
| **DASHAUN LAMAR TRENT** | ) | |

**DEFENDANT'S FIRST RESPONSE IN PARTIAL OPPOSITION TO UNITED STATES'
PROPOSED JURY INSTRUCTIONS AND REQUEST FOR ADDITIONAL TIME
TO RESPOND TO THE GOVERNMENT'S SUBSTANTIVE INSTRUCTIONS**

COMES NOW Your Defendant, Dashaun Lamar Trent, by counsel, and respectfully moves this Court for entry of an ORDER sustaining his partial objection to the United States' Proposed Jury Instructions Numbering ONE (1) through THIRTY-SEVEN (37) inclusive; for further entry of an ORDER adopting in pertinent part the introductory and substantive jury instructions given in *United States v. Michael Jones, et. al.;*[1] and for entry of an ORDER granting all defendants an additional TWENTY-ONE (21) days to respond to the United States' substantive jury instructions numbering THIRTY-EIGHT (38) through NINETY-TWO (92) inclusive [until October 7, 2019]; and states the following in support thereof:

(1) On August 23, 2019, the United States filed her Proposed Jury Instructions.[2] At the outset, Your Defendant, by counsel, notes that the collective instructions proposed by the United States are far too lengthy. For example, the government proposes THIRTY-SEVEN (37) introductory jury instructions. In the RICO case of *United States v. Michael*

---

[1] 7:16-cr-30026.

[2] ECF 659.

*Jones, et. al.,*[3] this Court preliminarily charged the jury by utilizing TWENTY-ONE (21) introductory instructions. To that end, Your Defendant, respectfully moves this Court for entry of Order adopting the instructions presented in *Jones* and that they be edited to fit the particulars of the case at bar.

(2) Your Defendant opposes Instruction No.:1 (Introduction to the Final Charge - Province of the Court and of the Jury). In pertinent part, the instruction states that: *Justice-through trial by jury - depends upon the willingness of each individual juror to* **seek the truth** *from the same evidence presented to all jurors . . . .*[4] Justice, in the context of a jury trial, requires the jury to determine the facts as they find them, apply the law to those facts, and then determine if the United States has met her burden beyond a reasonable doubt. Juries are not "truth seeking" deliberative bodies. Instead, they are tasked with the primary question of whether or not the presumption of innocence has been stripped from the defendant by proof of guilt beyond a reasonable doubt. The government's instruction is confusing, incorrect, and supplants the prosecution's burden of proof to an exercise in "seeking the truth." This instruction should not be given.

(3) Defendant strongly opposes the government's proposed Instruction No. 2: (Judging the Evidence) because it contains a confusing, and incorrect, statement of the law regarding a guilty or not guilty finding. In pertinent part, the instruction states that: *If the defendant be proved guilty beyond a reasonable doubt, say so. If not proved guilty beyond a reasonable doubt, say so.*[5] There is no such concept in Anglo-American jurisprudence

---

[3] 7:16-cr-30026.

[4] ECF 659 at page 8 [emphasis added].

[5] ECF 659 at page 9.

requiring that a defendant ***"not [be] proved guilty beyond a reasonable doubt."*[6]**  Such and instruction suggests a binary equivalency of "guilty beyond a reasonable doubt" versus "not guilty beyond a reasonable doubt."  This instruction, in one short sentence, eviscerates the foundational pillar upon which the entire Anglo-American concept of justice stands: the presumption of innocence.  If the sovereign fails to proves to the satisfaction of the jury beyond a reasonable doubt each and every element of the crime charged - the proper verdict is "not guilty".

(4)     In the *Jennings* case, all of the relevant introductory charging was given to the jury in TWENTY-ONE (21) instructions across TWENTY-FIVE (25) pages.  The government proposes THIRTY-SEVEN (37) instructions spanning FORTY-EIGHT (48) pages which is both too many and too lengthy.  Many of these instructions are simply unnecessary such as Instruction No. 5: (Inferences from the Evidence).  While they may be accurate, many of these "nice to know" instructions, by their sheer numbers, will overwhelm the jury. Proposed Instruction No. 14: (Proof May Be Disjunctive) is another good example of an unnecessary charge along with Instruction No. 17: (Specific Investigation Techniques Not Required)[7] and Instruction No. 18: (False Exculpatory Statements). These instructions do nothing more than keep the jury from getting to the heart of the matter and will quickly add up to hours of reading instructions.  An instruction, such as Instruction No. 19: (Coercion of Witness or Fabrication of Evidence), seems out of place as an introductory charge and, again, is simply not necessary and may cause the jury to look for something that isn't there.

---

[6]     *Id.*

[7]     This instruction, curiously, has no legal citation attached in support thereof.

(5) Your Defendant objects to Instruction No. 21 (Video and Audio Recordings). The government characterizes the alteration of video/audio evidence from its original form to its adulterated form as being "added to these recordings solely for your convenience."[8] Such an instruction is not required because the Court should not permit the United States to adduce adulterated evidence howsoever characterized. This issue has previously been raised by Defendant's Objections to Specific United States' Trial Exhibits and not yet ruled upon by the Court.[9] Proposed Instruction No. 22: (Number of Witnesses Called is Not Controlling) is unnecessary and falls into "not really helpful" category. At some point, the Court has to draw the line on many of these instructions which go much too deep into the minutiae.

(6) The United States proposes five separate "Credibility" instructions: TWENTY-THREE (3) through TWENTY-SEVEN (27) inclusive. The Court's "Credibility" instruction used in *Jones* is more than sufficient. Other unnecessary instructions have been offered such as Instruction No. 29: (Testimony - Accomplices, Informers, Immunity and Plea Agreements) and are more lengthy than needed by including such statements as: *On the contrary, the testimony of such a witness may alone may be of sufficient weight to sustain a verdict of guilty."*[10] This instruction is a form of bolstering and should be rejected. The Court's *Jones'* instruction entitled: Testimony - Witnesses With Plea Agreements is far more succinct and is, sufficient, but not greater than necessary, to properly charge the jury.

---

[8] ECF 659 at page 29.

[9] ECF 545.

[10] ECF 659 at page 38.

(7) Without going into greater detail, because the reasoning continues to be the same, the government's proposed instruction numbers 30, 31, 33, 34, 35, 36, and 37 are excessive, wordy, and unneeded. Every possible instruction of law need not be given to the jury. A brief introductory group of instructions, such as those given in *Jones*, will suffice.

(8) Given several factors that have recently arisen in this case (the 24 hour appeal, the length of the *Daubert* hearing, simply responding to various important government motions, reviewing juror questionnaires, and preparing for the impending trial), counsel for Your Defendant has underestimated the time needed to properly review the NINETY-TWO (92) jury instructions proposed by the United States. Notwithstanding his previous request for an extension within which to object to the government's instructions, Dashaun Lamar Trent, by counsel, respectfully moves this Court for an ORDER granting all defendants an additional TWENTY-ONE (21) days [until October 7, 2019] to respond to the government's proposed substantive instructions. The instructions will not be needed until early November - at the earliest. Moreover, the substantive instructions in this case are highly technical, numerous, and - at first read - appear to be overwhelmingly and unnecessarily lengthy. To that end, counsel, in order to fulfill his Sixth Amendment duty to Dashaun Lamar Trent, respectfully informs the Court that more time is needed for this particular endeavor.

WHEREFORE, your Defendant, by counsel, moves this Court for entry of an ORDER sustaining his partial objection to the United States' Proposed Jury Instructions Numbering ONE (1) through THIRTY-SEVEN (37) inclusive; for further entry of an ORDER adopting in pertinent part the introductory and substantive jury instructions given in *United*

*States v. Michael Jones, et. al.;*[11] and for entry of an ORDER granting all defendants an additional TWENTY-ONE (21) days [until October 7, 2019] to respond to the United States' substantive instructions numbering THIRTY-EIGHT (38) through NINETY-TWO (92) inclusive.

Respectfully submitted,

DASHAUN LAMAR TRENT

By /s/     Chris K. Kowalczuk

Chris K. Kowalczuk, Esquire
P. O. Box 11971
Roanoke, VA 24022
    Counsel for the Defendant

Patrick J. Kenney, Esquire
P.O. Box 599
Roanoke, VA 24004
    Counsel for the Defendant

## CERTIFICATE OF SERVICE

I, Chris K. Kowalczuk, Esquire, hereby certify that on this 8th day of September, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/     Chris K. Kowalczuk

---

[11]     7:16-cr-30026.