IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 4:18-cr-00011 |
| | ) | |
| MARCUS DAVIS *et al* | ) | |
| | ) | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR
<u>A BILL OF PARTICULARS REGARDING HIS ALIBI DEFENSE</u>**

The United States of America respectfully opposes Defendant Deshaun Trent's Motion for Bill of Particulars Regarding United States' Alibi Response (ECF 732), in which the defendant seeks an order requiring the government to summarize the grand jury testimony, videotaped interviews, and FBI 302 reports already disclosed to counsel. Federal Rule of Criminal Procedure 12.1 does not require such a summary, nor does the Due Process Clause, and hence this motion should be denied.

On April 18, 2019, the United States filed its Demand for Notice of Alibi, requesting that the defendants provide information regarding any intended alibi defense. ECF No. 462. In compliance with Rule 12.1, the United States listed the date, time, and location of the indicted offenses. Fed. R. Crim. P. 12.1(1)(a)(1). This is sufficient to trigger a response from the defendants within fourteen days, or within whatever period is set by the Court. Fed. R. Crim. P. 12.1(2). The defendant's response "<u>must</u> state (a) each specific place where the defendant claims to have been at the time of the alleged offense; and (b) the name address, and telephone number of each alibi witness on whom the defendant intends to rely." *Id.*

1

Defendant Trent responded to this request by letter dated May 16, 2019, and provided his location on August 20, 2019 at certain times as well as the name and contact information for his alibi witness. The information from the defendant was disclosed to him by the United States in discovery.

Since the defendant responded to the alibi demand, the government was required to "disclose in writing . . . (i) the name of each witness – and the address and telephone of each witness other than a victim – that the government intends to rely on to establish that the defendant was present at the scene of the alleged offense." Fed. R. Crim. P. 12.1(b)(1)(A). The United States did so on June 19, 2019. The response lists the name, address, and telephone number of each rebuttal alibi witness. Each witnesses' anticipated testimony has long been provided in discovery in the form of grand jury transcripts, videotaped interviews, and FBI 302 reports.

Citing no legal authority, the defendant's request is far beyond the scope and requirements of the Due Process Clause. The defendant now requests "a brief summary of the expected testimony" of each rebuttal alibi witness, including "the location . . . of Your Defendant, with corresponding times, and the basis upon which said contra-alibi is founded." Mot. at ¶ 5. Bills of Particulars are not intended to be vehicles for discovery and trial preparations. The purpose of a bill of particulars is to fairly apprise the defendant of the charges against him so that he may adequately prepare a defense and avoid surprise at trial. *United States v. Automated Med. Labs., Inc.*, 770 F.2d 399, 405 (4th Cir. 1985) (citation omitted). A bill of particulars is unnecessary as long as the indictment fulfills those purposes. *United States v. Butler*, 885 F.2d 195, 199 (4th Cir.1989). As the Fourth Circuit has repeatedly held, a bill of particulars is not intended to be a

detailed evidentiary proffer by the government. *See, e.g., United States v. Anderson*, 481 F.2d 685 (4th Cir.1973), aff'd on other grounds, 417 U.S. 211 (1974).

To the extent the defendant seeks some kind of order requiring the government to help him construct his defense, the Due Process Clause does not give defendants a right to have the government construct the defense and identify defense witnesses. *United States v. Marrero*, 904 F.2d 251, 261 (5th Cir. 1990) ("While the Supreme Court in *Brady* held that the government may not properly conceal exculpatory evidence from a defendant, it does not place any burden upon the Government to conduct a defendant's investigation or assist in the presentation of the defense's case."); *United States v. Griggs*, 713 F.2d 672, 673–74 (11th Cir. 1983); *United States v. Herbst*, 641 F.2d 1161, 1168 n. 11 (5th Cir. 1981); *United States v. Brown*, 628 F.2d 471, 473 (5th Cir. 1980); *United States v. Prior*, 546 F.2d 1254, 1259 (5th Cir. 1977); *United States v. Ruggiero*, 472 F.2d 599, 604 (2d Cir. 1973).

The United States has long disclosed the witnesses' entire statements, including information regarding Defendant Trent. The United States should not now be required to summarize each witnesses' testimony in the particular style or fashion demanded by the defendant.

WHEREFORE, the Court should deny the defendant's motion.

    Respectfully submitted,

    THOMAS T. CULLEN
    United States Attorney

    <u>s/Heather L. Carlton</u>
    Ronald M. Huber
    Heather L. Carlton
    Michael Baudinet
    Assistant United States Attorneys

Michael J. Newman
Special Assistant United States Attorney
United States Attorney's Office
255 West Main Street, Room 130
Charlottesville, VA 22902
Tel:     434.293.4283
Heather.carlton@usdoj.gov
Ron.huber@usdoj.gov
Michael.baudinet@usdoj.gov
newmamj@danvilleva.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been electronically filed with the Clerk by CM/ECF system which will send notification of such filing to all counsel for the Defendants, on this 12th day of September, 2019.

s/Heather L. Carlton
Assistant United States Attorney

4

Case 4:18-cr-00011-MFU-RSB   Document 750   Filed 09/12/19   Page 4 of 4   Pageid#: 4465