**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
(*DANVILLE DIVISION*)

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | Case Number: 4:18CR00011-04 |
| ) | |
| **DASHAUN LAMAR TRENT** ) | |

**DEFENDANT'S MOTION TO PRODUCE SPECIAL GRAND JURY TRANSCRIPTS**

COMES NOW Your Defendant, Dashaun Lamar Trent, by counsel, and respectfully moves this Court for entry of an ORDER directing that the United States produce, forthwith, copies of any transcripts of any Special Grand Jury proceedings empaneled at the request of the City of Danville Commonwealth's Attorney, pursuant to § 19.2-206 of the Code of Virginia (1950), as amended, related to any allegations of criminal conduct as set forth in the First Superseding Indictment of the instant case as well any criminal conduct related to, but not charged in, the First Superseding Indictment and for further ORDER prohibiting the United States from calling any person as a witness in her case-in-chief who testified before any such Special Grand Jury until such transcripts are produced and states the following in support thereof:

(1) By order dated March 5, 2019, the Court ordered the United States to "substantially complete all pretrial discovery by April 1, 2019."[1]

---

[1] ECF 364 at page 1.

(2) Upon information and belief, a Special Grand Jury was convened by Commonwealth's Attorney for the City of Danville sometime in late 2015 to investigate "the spree of shooting incidents in the City of Danville."[2]

(3) To date, upon information and belief, no transcripts of any Special Grand Jury have been provided in discovery to Your Defendant.

(4) The empaneling of a Special Grand Jury in the Commonwealth of Virginia is governed by § 19.2-206 of the Code of Virginia (1950), as amended.

(5) Pursuant to § 19.2-212 of the Code of Virginia (1950), as amended, "[a] court reporter shall be provided for a special grand jury to record, manually or electronically, and transcribe all oral testimony taken before a special grand jury . . . ."

(6) These Special Grand Jury transcripts would be the subject of disclosure to Federal Rule of Criminal Procedure Rule 16, Rule 26.2, 18 U.S.C. § 3500, *Brady V. Maryland* and its progeny, particularly *United States v. Giglio*.

(7) Upon information and belief, witnesses the government may call at trial previously testified in front of the Special Grand Jury. For example, Lashanda Washington-Anthony, the estranged spouse of Deshawn Anthony, testified in front of the Special Grand Jury well before she appeared before the Federal Grand Jury overseen by the United States in the instant case. During Ms. Washington-Anthony's federal appearance, Ms. Carlton observed that this witness's testimony before the Special Grand Jury differed from her subsequent testimony at the federal courthouse.

---

[2] Discovery: USAO-013944. Further reference is made at Discovery: USAO-013945: "Hold all evidence in this case. This evidence should be reassigned to Lt. Pace as to this being assigned to cases with the Special Grand Jury."

> Ms. Carlton: "Okay and in the Grand Jury, in the state grand jury, you said a couple of things differently there than you've said here at the federal Grand Jury."[3]

(8)     Ms. Washington-Anthony's Special Grand Jury testimony is discoverable on three bases. A transcript of her state Special Grand Jury testimony is (A) *Jencks* material as a prior, recorded statement of a government witness on the same subject as her expected trial testimony; (B) *Giglio* and/or *Brady* material in that prior, inconsistent statements under oath could be used by the defense to impeach this adverse witness; and (C) relevant material within the meaning of Rule 16.

(9)     Clearly, since the United States has been aware of the existence of the state court Special Grand Jury proceedings, she is obligated to produce the transcripts (or recordings if not transcribed). The government's obligation to disclose relevant documents extends to any favorable materials prosecutors know exist, as well as "any favorable evidence known to the others acting on the government's behalf in the case."[4]

(10)    The Special Grand Jury proceedings empaneled at the behest of the Commonwealth's Attorney for the City of Danville qualify for production in this case because federal agents have worked closely with the Danville Police Department and other state law enforcement agencies in this racketeering prosecution. So close has been the coordination between the United States and the Commonwealth of Virginia, by and through a constitutionally elected Commonwealth's Attorney (Michael Newman, Esq.), that Mr. Newman has examined witnesses in the federal grand jury (*e.g.* Justin Wilson) and is

---

[3]     Lashanda Washington-Anthony Grand Jury Testimony p. 89 [USAO-16270].

[4]     *Kyles v. Whitley*, 514 U.S. 419, 437 (1995).

seated at counsel table as a cross-sworn Assistant United States Attorney in the instant case.

WHEREFORE, your Defendant, by counsel, moves this Court for entry of an ORDER directing that the United States produce, forthwith, copies of any transcripts of any Special Grand Jury proceedings empaneled at the request of the City of Danville Commonwealth's Attorney pursuant to § 19.2-206 of the Code of Virginia (1950), as amended, related to any allegations of criminal conduct as set forth in the First Superseding Indictment of the instant case as well any criminal conduct related to but not charged in the First Superseding Indictment and for further ORDER prohibiting the United States from calling any person as a witness in her case-in-chief who testified before any such Special Grand Jury until such transcripts are produced.

> Respectfully submitted,
>
> DASHAUN LAMAR TRENT
>
> By /s/    Chris K. Kowalczuk

Chris K. Kowalczuk, Esquire
P. O. Box 11971
Roanoke, VA 24022
    Counsel for the Defendant

Patrick J. Kenney, Esquire
P.O. Box 599
Roanoke, VA 24004
    Counsel for the Defendant

## **CERTIFICATE OF SERVICE**

      I, Chris K. Kowalczuk, Esquire, hereby certify that on this 15th day of October, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                                  /s/    Chris K. Kowalczuk